```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CHARLENE RAINEY,

                      Plaintiff,           MEMORANDUM AND ORDER

             -v-                            08 Civ. 5828 (NRB)

HEBREW HOSPITAL HOME, INC., BRIAN
PERINO and JULIE GRAY,

                      Defendants.

------------------------------------X
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/09

Pro se plaintiff Charlene Rainey brings this action against defendants Hebrew Hospital Home, Inc. ("Hebrew Hospital"), Brian Perino and Julie Gray, alleging both state law claims of employment discrimination pursuant to the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and federal law claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Defendants now move to dismiss this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted as to all claims except plaintiff's Title VII claim against Hebrew Hospital.

## BACKGROUND[1]

Plaintiff was employed by defendant Hebrew Hospital from February 2000 until her resignation in April 2006. (Def. Ex. E at 1, 4.) Defendant Gray was plaintiff's supervisor in the Accounts Payable department, and defendant Perino was Hebrew Hospital's chief accounting and financing operations executive. (Id. at 2.) On August 10, 2006, plaintiff filed a complaint with the New York City Commission on Human Rights ("City Commission"), charging defendants with unlawful discriminatory practices in violation of the Administrative Code of the City of New York. (Def. Ex. D ¶ 12.) Plaintiff also alleged a violation under Title VII and authorized the City Commission to accept the complaint on behalf of the Equal Employment Opportunity Commission ("EEOC"). (Id.)

On December 13, 2007, the City Commission issued a "Determination and Order After Investigation" dismissing the complaint, having found "no probable cause" to believe that defendants had unlawfully discriminated against plaintiff. (Def. Ex. F.) The EEOC, in a Dismissal and Notice of Rights

---

[1] The following facts have been drawn from Defendants' Memorandum of Law in Support of Motion to Dismiss and the exhibits attached thereto ("Def. Ex."), and from Plaintiff's Letter in Opposition to Defendants' Motion to Dismiss and the exhibits attached thereto. In considering this motion to dismiss, we accept as true the facts alleged by plaintiff, Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995), and draw all reasonable inferences in favor of plaintiff, Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004).

2

letter dated January 18, 2008, adopted the findings of the City Commission. (Def. Ex. G.) That letter further authorized plaintiff to bring her Title VII claims in federal or state court within ninety days. (Id.)

On April 3, 2008, plaintiff commenced the present action using a form complaint provided to her by the Court's Pro Se Office. In the portion of the form where one selects the statute or administrative code under which he or she wishes to sue, plaintiff here checked only the blank corresponding to the New York State Human Rights Law. (Def. Ex. A.) In addition, plaintiff named only Perino and Gray as defendants. (Id.)

On June 27, 2008, Chief Judge Wood determined that plaintiff's complaint was insufficient because it failed both to allege any violation of federal law and to name plaintiff's employer, Hebrew Hospital, as a defendant. Chief Judge Wood directed plaintiff to file an amended complaint curing those defects within sixty days, stating that if plaintiff did not do so, her case would be dismissed. Although plaintiff did eventually file an amended complaint naming Hebrew Hospital as a defendant and alleging a Title VII violation (Def. Ex. C.), she did not do so until September 15, 2008 -- twenty days after the sixty-day deadline had expired. On February 27, 2009, defendants filed the instant motion to dismiss.

3

**DISCUSSION**

In their motion to dismiss, defendants argue that: (1) plaintiff's state law claim is barred because plaintiff had previously elected to file a complaint with the City Commission; (2) plaintiff's Title VII claim against defendants Perino and Gray must be dismissed because Title VII does not impose individual liability; and (3) plaintiff's Title VII claim against defendant Hebrew Hospital was not timely filed, because it was not brought within ninety days of plaintiff's receipt of her right-to-sue letter from the EEOC.

First, with regard to plaintiff's state law claim, New York State Executive Law § 297(9) contains an election of remedies provision that prohibits a plaintiff who has previously filed a complaint with the City Commission from suing in federal court. N.Y. Exec. Law § 297(9) provides, in relevant part (emphasis added):

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . <u>unless such person had filed a complaint hereunder or with any local commission on human rights</u>.

In the present case, plaintiff elected an administrative remedy when she filed a complaint with the City Commission on August 10, 2006. The City Commission conducted a full and timely administrative investigation and found "no probable cause" to believe that defendants had unlawfully discriminated against

4

plaintiff. Although the complaint that plaintiff filed with the City Commission alleged only a violation of New York City Administrative Law (while plaintiff's complaint in the present action alleges a violation of New York State Executive Law), "the filing of an administrative complaint with a city division of the Commission on Human Rights effectively cuts off a complainant's right to resort to the courts to redress state human rights law violations." Dipalto v. New York City Off-Track Betting Corp., 94 Civ. 5773(KMW), 1998 WL 276180, at *3 (S.D.N.Y. May 28, 1998) (internal citations omitted); see also McNulty v. New York City Dep't of Fin., 45 F. Supp. 2d 296, 303 (S.D.N.Y. 1999). Because plaintiff has already elected an administrative remedy, we are precluded by statute from considering her state law claim here.

Plaintiff's Title VII claims against defendants Perino and Gray also must be dismissed, because Title VII does not impose individual liability on supervisory personnel. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (affirming dismissal of plaintiff's Title VII claims against defendant in his personal capacity because "under Title VII individual supervisors are not subject to liability.")

However, plaintiff's Title VII claim against defendant Hebrew Hospital must be allowed to proceed. Although plaintiff did not allege a Title VII claim against defendant Hebrew

5

Hospital until September 15, 2008 -- well after the ninety-day period plaintiff was granted by the EEOC to file a Title VII claim had passed -- the Court retains the discretion to determine whether "sufficient grounds exist to equitably toll the filing deadlines." See Celestine v. Cold Crest Care Center, 495 F. Supp. 2d 428, 432 (S.D.N.Y. 2007) (affirming district court's determination that equitable tolling of filing deadline was warranted where pro se plaintiff failed to pay filing fee or file an amended request to proceed in forma pauperis within sixty days of chief judge's order). In making this determination, we must balance "the necessity of adhering to procedural requirements with equitable considerations of dismissing claims on technicalities." Id.

In the present case, there are, on balance, sufficient grounds to support the equitable tolling of the ninety-day filing deadline imposed by the EEOC. Plaintiff filed her first complaint on April 4, 2008 -- within the ninety-day deadline. Chief Judge Wood's Order of June 27, 2008 granted plaintiff sixty days to file an amended complaint. Plaintiff reasonably relied on Chief Judge Wood's Order, believing that the ninety-day deadline had been tolled.[2]

---

[2] Although neither party has raised the issue, we note that plaintiff did not actually comply with Chief Judge Wood's Order, because she failed to file her amended complaint within the proscribed sixty-day deadline. Despite plaintiff's failure, however, we feel constrained to allow plaintiff's Title VII claim against defendant Hebrew Hospital to proceed because of this

6

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is granted with respect to plaintiff's New York State Executive Law claims against all defendants and plaintiff's Title VII claims against defendants Perino and Gray, but denied as to plaintiff's Title VII claim against defendant Hebrew Hospital. Defendant Hebrew Hospital is directed to file an answer within twenty (20) days of this Memorandum and Order, and the parties are directed to appear for an initial pretrial conference in Courtroom 21A on July 7, 2009 at 2:30 p.m.

**IT IS SO ORDERED.**

Dated:   New York, New York
         June 15, 2009

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

Circuit's general policy of granting pro se litigants "extra leeway in meeting the procedural rules governing litigation." See, e.g., In re Sims, 534 F.3d 117, 133 (2d Cir. 2008); Lucas v. Miles, 84 F.3d 532 (2d Cir. 1996) (reversing district court's dismissal of pro se plaintiff's case where plaintiff violated order to file amended complaint by thirty-nine days).

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Charlene Rainey
109-7 Rosewood Avenue
Waterbury, CT 06706

Glen H. Parker, Esq.
Hoey, King, Toker & Epstein
55 Water Street, 29th Floor
New York, NY 10041-2899

8